## SPRING CANYON COAL CO. v. COMMISSIONER OF INTERNAL REVENUE.
### Nos. 8682, 8683.

Circuit Court of Appeals, Eighth Circuit.

Feb. 10, 1930.

Charles D. Hamel and John Enrietto, both of Washington, D. C., for appellant.

G. A. Youngquist, Asst. Atty. Gen., and C. M. Charest, General Counsel, Bureau of Internal Revenue, of Washington, D. C., for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

These are petitions to review determinations of the Board of Tax Appeals.

When this matter came on for hearing before this court, a member of the court suggested lack of jurisdiction. This suggestion was based upon the requirement of section 1002 (b) of the Revenue Act of 1926 (44 Stat. 110 [26 USCA § 1225(b)]), which provides that such review shall be "In the case of a person (other than an individual) * * * by the Circuit Court of Appeals for the circuit in which is located the office of the collector to whom such person made the return, * * *" and the facts that the returns herein were made to the collector for the district of Utah and that Utah was in the Tenth Circuit. Without hearing complete argument upon the merits, the court considered the matter of jurisdiction and entered an order as follows: "The question of jurisdiction of this Court to hear these causes was raised by the Court during the argument of counsel for the Spring Canyon Coal Company and the Court being of the opinion that there is lack of jurisdiction, these causes are returned to the docket of this Court to stand as though no argument had been presented in behalf of either of the parties."

The purpose of returning the cases to the docket instead of ordering dismissal or transfer to the Tenth Circuit was to give counsel an opportunity to fully present their views upon the matter of jurisdiction. Counsel for petitioner have now filed a motion to set down for hearing or to transfer to the Tenth Circuit. They file a brief in connection therewith in which they urge that jurisdiction lies in this court. Counsel for respondent join in the motion and the brief.

The material facts are as follows: The petitioner is a domestic corporation organized under the law of Utah. It filed its returns with the collector for Utah. At that time, Utah was a part of the Eighth Circuit and continued so to be until the act creating the Tenth Circuit became effective, which was on March 30, 1929 (Act Feb. 28, 1929, 45 Stat. 1346, 1348). As the record before the Board of Tax Appeals failed to disclose the collector to whom the returns were made and to avoid any question of jurisdiction on review, the Commissioner and the taxpayer entered into an agreement (in pursuance of section 1002 (d) of the above Revenue Act) that review might be in this court. This agreement took the form of a stipulation made on January 28, 1929. Upon February 2, 1929, petitioner filed its petitions for review with the Board and served a copy thereof with notice of such filing. This constituted a taking of the reviews under the rules of this court. The records here were thereafter perfected, briefs filed, and the cases came on for consolidated argument on December 9, 1929. Early in the argument of appellant, the jurisdictional matter was suggested with the resulting order, above set forth.

■ From the above statement of facts it is clear that the reviews were properly lodged in this court because the steps to review (under the rules of this court) had been taken at a time when Utah was a part of this circuit. The question is whether the act creating the Tenth Circuit operated to remove or transfer jurisdiction to the Tenth Circuit. The Tenth Circuit was made up of six states (including Utah) taken from the Eighth Circuit. Congress realized that, at the effective date of that act, there would be many cases on appeal or review in the Court of Appeals for the old Eighth Circuit from those six states; that those cases would be in various stages of progress in that court; and that provision should be made therefor. It provided for this situation in section 5 of the act (45 Stat. 1348 [28 USCA § 213 note]), as follows:

"Sec. 5. Where before the effective date of this Act any appeal or other proceeding has been filed with the circuit court of appeals for the eighth circuit as constituted before the effective date of this Act—

"(1) If any hearing before said court has been held in the case, or if the case has been submitted for decision, then further proceedings in respect of the case shall be had, in the same manner and with the same effect as if this Act had not been enacted.

"(2) If no hearing before said court has been held in the case, and the case has not been submitted for decision, then the appeal, or other proceeding, together with the original papers, printed records, and record entries duly certified, shall, by appropriate orders duly entered of record, be transferred to the circuit court of appeals to which it would have gone had this Act been in full force and effect at the time such appeal was taken or other proceeding commenced, and further proceedings in respect of the case shall be had in the same manner and with the same effect as if the appeal or other proceeding had been filed in said court."

Obviously, that section was intended to cover all matters then on review. These petitions were "other proceeding" within the first paragraph of the above quoted section. They were in this court "before the effective date of this Act." Before the effective date of the act, there was no hearing before this court nor any submission for decision. It is clear that these reviews come within the exact description of subdivision "(2)" of the above section.

■ Counsel argue that, under the above subdivision, the requirement of transfer of cases is to the court to which the review "would have gone had this Act been in full force and effect at the time" the review proceedings were commenced, and that, even if the Tenth Circuit had been created at the time this proceeding commenced, the reviews were properly lodged here. This they base upon the argument that the court of review was determined by the agreement of the parties which, they contend, was authorized by section 1002 (d) of the above Revenue Act (26 USCA § 1225 (d). That such an agreement was made is clear. The question is whether section 1002 (d) authorized an agreement having the effect here urged.

Counsel construe section 1002 (d) as giving the Commissioner and the taxpayer the right to make an agreement in *any* review of the Board of Tax Appeals that it may be taken to *any* Court of Appeals so selected by

them. Section 1002 (26 USCA § 1225 (a-d), is as follows:

"Sec. 1002. Such decision may be reviewed—

"(a) In the case of an individual, by the Circuit Court of Appeals for the circuit whereof he is an inhabitant, or if not an inhabitant of any circuit, then by the Court of Appeals of the District of Columbia.

"(b) In the case of a person (other than an individual), except as provided in subdivision (c), by the Circuit Court of Appeals for the circuit in which is located the office of the collector to whom such person made the return, or in case such person made no return, then by the Court of Appeals of the District of Columbia.

"(c) In the case of a corporation which had no principal place of business or principal office or agency in the United States, then by the Court of Appeals of the District of Columbia.

"(d) In the case of an agreement between the commissioner and the taxpayer, then by the Circuit Court of Appeals for the circuit, or the Court of Appeals of the District of Columbia, as stipulated in such agreement."

Counsel argue that their position is sustained both by a study of the section and by the legislative history of the section. To us, it seems a study of the entire section leads to the conclusion that subdivisions (a), (b), and (c) are intended to and do cover the defined jurisdiction for such reviews in all cases, and that subdivision (d) gives a certain latitude of choice to the interested parties. That latitude is not unlimited, but is between the Circuit Court of Appeals, within subdivisions (a), (b), or (c), where the review would go thereunder, and the Court of Appeals of the District of Columbia. Obviously, it might often be a matter of convenience and saving of expense to the taxpayer and would always be such to the Commissioner to have the review in the District of Columbia. In their brief, counsel state that there have been 113 cases filed, to date, in the Court of Appeals of the District of Columbia—almost all of which involve taxpayers "who have filed their returns at widely scattered parts of the United States." We have not available the legislative history of this section, but the brief contains short extracts from the reports of the Finance Committee of the Senate and of the conference committee on the bill. It there appears that the (d) was purposed as a means to remove "any doubt as to the proper court." Such a purpose would not require giving the parties a right to send the review to any circuit in the entire country. It would be sufficient to give the parties a choice between the circuit indicated (though doubtfully) by subdivision (a), (b), or (c) and the District of Columbia. The entire idea of allowing the parties to choose their reviewing jurisdiction is so extraordinary that we feel Congress must have intended to confine such to as narrow scope as would meet the Congressional purpose of resolving doubtful jurisdiction.

But irrespective of the construction properly to be given section 1002 of the above Revenue Act, we think there can be no doubt that section 5 of the act creating the Tenth Circuit was intended to cover all litigation in the Court of Appeals of the Eighth Circuit at the time that act became effective, and that the expression governing transfer is not to be limited as here urged. The purpose of that expression was largely, if not entirely, of geographical significance.

We conclude that the jurisdiction is governed by section 5 of the act creating the Tenth Circuit unaffected by section 1002 (d) of the above Revenue Act, and therefore that these causes should be transferred to the Court of Appeals for the Tenth Circuit.

It is so ordered.