## MASSACHUSETTS FIRE & MARINE INS. CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 309.

Circuit Court of Appeals, Second Circuit.
June 9, 1930.

---

Harry W. Forbes, of New York City (John A. Garver and Shearman & Sterling, all of New York City, of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and Randolph C. Shaw, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and R. N. Shaw, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before L. HAND, CHASE, and MACK, Circuit Judges.

L. HAND, Circuit Judge.

■■ The taxpayer, a Massachusetts corporation, filed its income tax return for 1920 with the collector of internal revenue in Boston, on which the Commissioner assessed the tax now in dispute. The taxpayer then petitioned the Board of Tax Appeals to review the assessment, and the Board affirmed the Commissioner. Thereupon the taxpayer filed a petition for review in this court, and the parties stipulated in supposed accordance with section 1225 (d) of title 26 of the United States Code (26 USCA § 1225(d) that we should hear the case. Our jurisdiction depends upon whether the stipulation covers such a case, the contrary having been held by the Circuit Court of Appeals for the Eighth Circuit in Spring Canyon Coal Co. v. Commissioner of Internal Revenue, 38 F. (2d) 764. Unless the stipulation was within section 1225 (d), the case is not properly here, and for obvious reasons we may not decide it because the parties agree.

Section 1225 prescribes those courts of appeal which are to review decisions of the Board. Under subdivision (a) "in the case of an individual" taxpayer, the appeal is to be heard by the Circuit Court of Appeals "for the circuit whereof he is an inhabitant, or if not an inhabitant of any circuit, then by the Court of Appeals of the District of Columbia." Under subdivision (b) "in the case of a person (other than an individual), except as provided in subdivision (c)," the appeal is to be heard "by the Circuit Court of Appeals for the circuit in which is located the office of the collector to whom such person made the return, or in case such person made no return, then by the Court of Appeals of the District." Subdivision (c) requires the Court of Appeals of the District to hear such cases as arise when a corporation has no "principal place of business or principal office or agency in the United States." Subdivision (d), that here in question, reads as follows: "In the case of an agreement between the commissioner and the taxpayer, then by the Circuit Court of Appeals for the circuit, or the Court of Appeals of the District of Columbia, as stipulated in such agreement."

The question is whether the phrase, "as stipulated in such agreement," gives the parties power in all cases to select their court, regardless of the preceding subdivision or whether it only authorizes a choice between "the Circuit Court of Appeals for the circuit," as defined by the earlier subdivisions, and the Court of Appeals for the District. We agree with our brothers of the Eighth that it means the second, and at the outset we observe, as they did, that it would be an egregious exception to common practice to give suitors the whole scope of the Union for their choice. Such an option may well result in an undesirable distribution of judicial business, a consideration especially applicable to this Circuit to which in any case large numbers of such cases must inevitably fall. So far as we know, Congress has never before given such latitude, but has distributed suits in accordance with their territorial incidence. A contrary purpose ought to be pretty clear, if we are to construe the words otherwise.

They were not happily chosen unless we are right; rather we should expect them to read: "By any Circuit Court of Appeals or the Court of Appeals of the District, as may be stipulated in the agreement." The actual phrase, "by the Circuit Court of Appeals for the circuit," seems to go back to the circuit prescribed in the earlier subdivisions, and to offer that alone as an alternative to the Court of Appeals of the District. It is true that

this involves an interpolation so that the clause reads: "By the Circuit Court of Appeals for the circuit as heretofore defined"; but the liberty so taken with the text is altogether consonant with the purpose of the section as a whole. Indeed, were the matter to be left at large to the consent of the parties, we should expect the broad consent to stand at the outset, and provision for those cases in which the parties could not agree to follow.

The reasons which might have prompted giving any choice were, so far as we can see, two; first, the convenience of the parties, and, second, the settlement of doubts as to jurisdiction. The first would plainly limit the choice between the district, always the most accessible to the Commissioner, and the place where the taxpayer lived, or had its principal office, if a corporation. To admit a wider choice would recognize motives which we can scarcely suppose would have had the ear of Congress. In fact, however, as the history of the section shows, the convenience of the parties had nothing to do with the matter, but the removal of doubts. In the case of an individual these might be very real, for "inhabitancy" is a troublesome issue, as the books prove. It is true that subdivision (b) sets a test which seems too clear for question, but subdivision (c) could raise doubts, like those which have caused so much litigation as to personal service on corporations. The parties might in such case go to the district, as in cases where no corporate return was filed, thus avoiding any question; or they might select the circuit where the taxpayer was thought to live, or to have its principal office, if a corporation, in which event the stipulation would avoid nice questions as to its propriety. We cannot suppose that, under color of laying doubts, it was intended to allow them to go to a court which nobody claimed to have any jurisdiction under the earlier subdivisions.

When originally introduced in the House the section did not contain subdivision (d) at all, and provided, in the case of a corporation which made no return, that the review should be by that Circuit Court of Appeals where the return should have been filed (section 992 (b) of title 26, 26 USCA § 992 (b). The accompanying committee report (House Reports, vol. 1, Report No. 1, 69th Congress, 1st Session, p. 19) declared that the first subdivision was drawn to accord with the test laid down in section 51 of the Judicial Code (28 USCA § 112), "inhabitancy," as was apparent; that the second was to make the place of return the test for corpo-

rations and the like; and the third, to give the Court of Appeals of the District jurisdiction only in the case of nonresident or foreign corporations. The report concluded: "The provisions as to venue * * * prevent undue burdens upon those circuits embracing States in which a vast number of corporations are organized."

The Senate Committee in its report (Senate Reports, vol. 1, Report No. 54, 69th Congress, 1st Session, p. 36) thought that difficulty would arise in determining where returns ought to be filed by corporations which filed none, and gave such cases to the District. They added subdivision (d), which permitted "the commissioner and taxpayer, whether individual or corporation, to stipulate the court to which the review may be taken, in order that any doubt as to the proper court may be removed by stipulation, whether. before or after the petition is filed." While it is true that, read broadly, this appears to give an unlimited choice, it is apparent that the purpose was no more than to remove doubts as to the "proper court." This seems to us to circumscribe the meaning, and to accord with the view which we take. Certainly it cannot be argued that it was necessary to open all ten circuits, in order to put the jurisdiction beyond question.

The House receded as to both amendments, and its conferees' report (House Reports, vol. 1, 69th Congress, 1st Session, Report No. 356, p. 54) concludes almost in the words of the Senate Report: "The commissioner and taxpayer may, in any case, stipulate the court to which the review will be taken, in order to remove any doubt as to the proper court." The implications appear to us the same, and in any event we should hesitate to ascribe to the conferees a departure from the original purpose of the House to prevent an unequal distribution of appeals; a purpose which our own experience already leads us to believe may be frustrated, if the language of the report be broken from its setting. Our conclusion is that, while nothing very positive is to be gained from the committee reports, it is at least apparent that the declared aim of subdivision (d) is completely secured by limiting the choice between circuits where the taxpayer has some color of residence, and the District of Columbia.

A similar case was before us in Greylock Mills v. Commissioner of Internal Revenue (C. C. A.) 31 F.(2d) 655, but we failed to observe the point, and neither side called it to our attention. Others are now before us which must follow this ruling. In saying

that the question was decided in Spring Canyon Coal Co. v. Commissioner of Internal Revenue, we do not forget that the case eventually went off upon another point. That does not destroy the force of the reasoning there used.

While we are loath to dispose of the case on this ground, it is perhaps not improper to say that the petitioner has in fact lost nothing by our failure to decide it upon the merits.

Petition to review dismissed for lack of jurisdiction.