NASH–BREYER MOTOR CO., Formerly Troy Motor Sales Co., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 251.

Circuit Court of Appeals, Second Circuit.

June 9, 1930.

Arthur H. Deibert and Theodore B. Benson, both of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John Vaughan Groner, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and R. N. Shaw, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

This petition must be dismissed for lack of jurisdiction for the reasons given in Massachusetts Fire & Marine Insurance Co. v. Commissioner, 42 F.(2d) 189, handed down herewith. The facts are the same, except that the petitioner is a Delaware corporation, which filed its return in California. The case is a more striking illustration of the possible consequences. We should have to find very solid reasons for supposing that Congress intended to impose upon us at the will of the parties a controversy which for obvious reasons properly belongs either in the Ninth circuit, or in the District of Columbia. We may repeat here as well, however, that in fact the petitioner has suffered nothing from dismissal.

Petition dismissed for lack of jurisdiction.

R. W. WISTAR, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Frederick S. UNDERHILL, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 274, 275.

Circuit Court of Appeals, Second Circuit.

June 9, 1930.

Donald Horne, of Washington, D. C., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John Mc. C. Hudson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The petitioners are alleged to be inhabitants, Wistar, of New Jersey, and Underhill, of Pennsylvania. There are no stipulations in the records that the petitions shall be heard by this court. That would, however, make no difference, since we have held in Massachusetts Fire & Marine Ins. Co. v. Commissioner, 42 F.(2d) 189, handed down June 9, 1930, that section 1225 (d) of title 26, U. S. Code (26 USCA § 1225(d), does not allow the parties to choose the venue of such cases at their pleasure in any Circuit Court of Appeals. On the authority of that decision, the petitions are dismissed for lack of jurisdiction.

Petitions dismissed for lack of jurisdiction.