### NASH–BREYER MOTOR CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6241.

Circuit Court of Appeals, Ninth Circuit.
Oct. 27, 1930.

George G. Witter and M. F. Mitchell, both of Los Angeles, Cal., for petitioner.

G. A. Youngquist, Asst. U. S. Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and Alva C. Baird, Sp. Atty., Bureau of Internal Revenue, of Los Angeles, Cal., for respondent.

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

WILBUR, Circuit Judge.

After a determination by a Board of Tax Appeals, the Nash-Breyer Motor Company filed a petition for review by the United States Circuit Court of Appeals of the Second Circuit in pursuance of and in accordance with a stipulation entered into by the Commissioner of Internal Revenue and petitioner. The Circuit Court of Appeals of the Second Circuit dismissed the petition for lack of jurisdiction. Nash-Breyer Motor Co., etc., v. Commissioner, 42 F.(2d) 192, upon the authority of its decision in Mass. Fire & Marine Ins. Co. v. Commissioner of Internal Revenue, decided the same day, June 9, 1930, 42 F.(2d) 189, following the decision of the Circuit Court of Appeals of the Eighth Circuit in Spring Canyon Coal Co. v. Commissioner, 38 F.(2d) 764. The case was remanded to the Board of Tax Appeals without prejudice to further proceeding to transfer review to the proper court. Petitioner applied to the Board of Tax Appeals to permit the amendment of the petition for review by inserting in lieu of the Circuit Court of Appeals of the Second Circuit the Circuit Court of Appeals of the Ninth Circuit. This application was denied.

The six months' period allowed by the statute for filing petition for review has expired. Application is now made to this court for leave to amend the petition for review by inserting therein the Circuit Court of Appeals of the Ninth Circuit in lieu of the Circuit Court of Appeals of the Second Circuit, upon the ground that jurisdiction has vested in this court. If, by virtue of the stipulation and the petition for appeal in pursuance thereof, jurisdiction was vested in the Circuit Court of Appeals of the Second Circuit, the decision of that court dismissing the petition would not give jurisdiction to this court, nor would the order of this court allowing the requested amendment in any wise change the situation. The primary question involved on this application is, therefore, whether or not the Circuit Court of Appeals of the Second Circuit acquired jurisdiction of the appeal herein from the Board of Tax Review.

After examining the above-mentioned decisions, the statutes, and legislative reports therein referred to, we feel that the question of jurisdiction is so doubtful that we should not in this proceeding pass upon it until the proposed petition to the Supreme Court by the petitioner to review the above-mentioned decision of the Circuit Court of Appeals of the Second Circuit has been acted upon by that court.