NASH-BREYER MOTOR CO., FORMERLY TROY MOTOR SALES CO., *v.* BURNET, COMMISSIONER OF INTERNAL REVENUE.

No. 549. Argued April 29, 1931.—Decided May 18, 1931.

*Messrs. Theodore B. Benson* and *Arthur H. Deibert,* with whom *Messrs. M. F. Mitchell* and *George G. Witter* were on the brief, for petitioner.

*Solicitor General Thacher,* with whom *Assistant Attorney General Youngquist* and *Messrs. Claude R. Branch, J. Louis Monarch,* and *Morton K. Rothschild,* Special Assistants to the Attorney General, and *Whitney North Seymour* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

Petitioner, a Delaware corporation having its principal office in California, filed federal income and profits tax returns for its fiscal years 1920 and 1921 with the Collector of Internal Revenue for its district in that state. Following a decision of the Board of Tax Appeals which upheld respondent's determination of tax deficiencies against petitioner for both years, 14 B. T. A. 546, petitioner and respondent entered into an agreement, stated to be pursuant to § 1002 [1] of the Revenue Act of 1926, 44 Stat. 110,

---

[1] The Revenue Act of 1926 reads in part: "Sec. 1001. (a) The decision of the Board [of Tax Appeals] . . . may be reviewed by a

that the decision of the Board might be reviewed by the Court of Appeals for the Second Circuit. The petition for review in that court recited that the parties had so agreed.

The Court of Appeals, of its own motion, dismissed the petition for lack of jurisdiction, 42 F. (2d) 192, on the authority of *Massachusetts Fire & Marine Ins. Co.* v. *Commissioner,* 42 F. (2d) 189, in which it had held that § 1002 (d) permits the parties to choose only between the Court of Appeals of the District of Columbia and the court of appeals for any circuit in which there is some ground for saying that venue might lie under subdivisions (a), (b) or (c). This Court granted certiorari, 282 U. S.

---

Circuit Court of Appeals, or the Court of Appeals of the District of Columbia. . . .

### VENUE

" Sec. 1002. Such decision may be reviewed—

"(a) In the case of an individual, by the Circuit Court of Appeals for the circuit whereof he is an inhabitant, or if not an inhabitant of any circuit, then by the Court of Appeals of the District of Columbia.

"(b) In the case of a person (other than an individual), except as provided in subdivision (c), by the Circuit Court of Appeals for the circuit in which is located the office of the collector to whom such person made the return, or in case such person made no return, then by the Court of Appeals of the District of Columbia.

"(c) In the case of a corporation which had no principal place of business or principal office or agency in the United States, then by the Court of Appeals of the District of Columbia.

"(d) In the case of an agreement between the Commissioner and the taxpayer, then by the Circuit Court of Appeals for the circuit, or the Court of Appeals of the District of Columbia, as stipulated in such agreement.

### JURISDICTION

" Sec. 1003. (a) The Circuit Courts of Appeals and the Court of Appeals of the District of Columbia shall have exclusive jurisdiction to review the decisions of the Board. . . ."

835, the Government acquiescing because of the importance of the question and the conflict of the decision below with one of the Court of Appeals for the First Circuit where, however, the point was neither discussed, *Simmons Co.* v. *Commissioner*, 33 F. (2d) 75, nor raised in the petition for certiorari, which was denied. 280 U. S. 588.[2]

Petitioner contends that under (d) the parties may stipulate for review in any circuit court of appeals. In view of the rule of the statutes that venue of the federal courts generally turns upon the geographical location of the parties and is never within their exclusive control, it would require plain language in this statute to support an unlimited choice. But the words of (d)—" the Circuit Court of Appeals for the circuit "—seem to refer, not to the court of appeals for any circuit, but to some particular circuit court of appeals previously described, necessarily that one which could have entertained the petition, under (a), (b) or (c), in the absence of an agreement under (d). Only such a construction comports with the statement of the House Committee on Ways and Means, that the provisions now in § 1002 ". . . prevent undue burden upon those circuits embracing States in which a vast number of corporations are organized." House Reports, 69th Congress, 1st Session, Vol. 1, Report No. 1, p. 19. An unlimited choice might overburden a circuit court of appeals, whose docket was

---

[2] The Court of Appeals for the Second Circuit has twice assumed jurisdiction in cases like the present one, without discussion. *Greylock Mills* v. *Commissioner*, 31 F. (2d) 655; *Fowler* v. *Commissioner*, 42 F. (2d) 837. In the latter case, certiorari was denied, but review was not sought on the question of venue. 282 U. S. 898. The only other case discussing the question accords with the present. *Spring Canyon Coal Co.* v. *Commissioner*, 38 F. (2d) 764 (C. C. A. 8th).

already overcrowded, with petitions for review with respect to which it could have had no venue under the other subdivisions of § 1002.

The Senate Committee on Finance, in proposing the addition of (d) to §1002, stated that the purpose was to permit parties ". . . to stipulate the court to which the review will be taken, in order that any doubt as to the proper court may be removed . . ." Senate Reports, 69th Congress, 1st Session, Vol. 1, Report No. 52. p. 36. See also, to the same effect, the conference report in House Reports, *supra*, Report No. 356, p. 54. Whatever solution (d) may afford for the difficulties in those cases when doubts arise as to the proper circuit for review under (a), (b), or (c), here petitioner had its principal office in California and filed its return there, so that under (b) the venue could properly be laid only in the Court of Appeals for the Ninth Circuit. Hence the parties' right of choice by stipulation under (d) was restricted to that court or the Court of Appeals of the District of Columbia.

Section 1003 (a) confers jurisdiction to review decisions of the Board of Tax Appeals on circuit courts of appeals and the Court of Appeals of the District of Columbia. Section 1002 is entitled "Venue." Even if the effect of this distinction is to define venue but not to restrict the jurisdiction of the court below, it was not bound to exercise jurisdiction in the face of (d), which authorized the parties to control the venue only by stipulation conforming to its terms. See *Kansas City Ry. Co.* v. *United States,* 282 U. S. 760. The restriction on the power of the parties to stipulate as to venue would be meaningless if they could waive it without the consent of the court.

*Affirmed.*