**BOHEMIAN BREWERIES, Inc., v. UNITED STATES.**

No. 42585.

Court of Claims.

May 29, 1939.

Clarence F. Rothenburg, of Washington, D. C. (Charles D. Hamel, John Enrietto, and Hamel, Park & Saunders, all of Washington, D. C., on the brief), for plaintiff.

J. H. Sheppard, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff seeks to recover the alleged overpayments of $5,017.63 for 1919 and $1,159.50 for 1920 on the ground that the Commissioner of Internal Revenue erroneously and illegally excluded as deductions in those years the amounts of $14,841.12 and $9,604.79, respectively, representing Federal excise tax paid in those years on sales by it of sweet apple cider which the Commissioner at that time had ruled was subject to the excise tax. Before the plaintiff's returns and its tax liability for the years 1919 and 1920 were finally audited and determined by the Commissioner and before the expiration of the statute of limitation under waivers that had been filed, the Circuit Courts of Appeals for the First Circuit and the Second Circuit, as shown in finding 5, had decided in 1923 that sweet apple cider was not subject to the excise tax and the Commissioner of Internal Revenue proceeded in 1924 to refund the excise taxes which had been paid by plaintiff in 1919 and 1920. After these decisions holding that the excise tax was not legally collectible, the Commissioner in his final audit and determination of plaintiff's returns and its income tax liabilities for 1919 and 1920 on June 22, 1925, eliminated the deductions which had been taken for the excise tax paid. The

United States Board of Tax Appeals on appeal by plaintiff as Inland Products Co. v. Commissioner of Internal Revenue, 10 B.T.A. 235, 236, sustained the action of the Commissioner in excluding the excise tax as a deduction from gross income for 1919 and 1920. The parties stipulated for review of the decision of the Board of Tax Appeals by the U. S. Circuit Court of Appeals for the Fourth Circuit and, after hearing and consideration on the merits, that court affirmed the decision of the Board on April 9, 1929, Inland Products Co. v. Blair, 31 F.2d 867.

Plaintiff contends that under the decision in Nash-Breyer Motor Company v. Burnet, 283 U.S. 483, 51 S.Ct. 549, 75 L.Ed. 1180, the decision of the Circuit Court of Appeals for the Fourth Circuit was void for the reason that it did not have jurisdiction of the case since, under the decision in the Motor Company case, the Circuit Court of Appeals for the Ninth Circuit was the court to which the plaintiff should have taken its appeal and, therefore, this court has jurisdiction because the petition was filed with the Board of Tax Appeals under the Revenue Act of 1924, 43 Stat. 253.

The defendant contends, first, that plaintiff's cause of action is res adjudicata for the reason that the Circuit Court of Appeals for the Fourth Circuit had jurisdiction of the subject matter and that by stipulation the parties submitted to the jurisdiction of that court with the court's consent; and, second, that in any event plaintiff is not entitled to recover on the merits for the reason that the decision and action of the Commissioner excluding in 1925 the excise tax as a deduction from gross income for 1919 and 1920 and the decisions of the Board of Tax Appeals and the Circuit Court of Appeals, affirming that action, were correct.

■ This court has jurisdiction of the subject matter and the parties. We need not discuss the question of whether plaintiff's cause of action is res adjudicata for we are of opinion, in any event, that the decisions of the Commissioner, the Board of Tax Appeals, and the Circuit Court of Appeals upon the question presented were correct and that plaintiff is not entitled to recover on the merits. The cases cited and relied upon by plaintiff are distinguishable upon the facts or upon principle. So long as a case involving the audit and determination of the correct tax liability of a tax-

592

payer is open and under consideration by the Commissioner of Internal Revenue, it is his duty correctly to determine the income of the taxpayer and deductions to which the taxpayer is entitled. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293; Illinois Terminal Co. v. United States, 53 F.2d 904, 73 Ct.Cl. 263. In 1919 and 1920 plaintiff paid certain Federal excise taxes on sweet apple cider pursuant to the regulations and the decisions of the Bureau of Internal Revenue then in effect. But before the plaintiff's tax liability for 1919 and 1920 was finally determined by the Commissioner it had been judicially determined that the excise tax paid in 1919 and 1920 and deducted by plaintiff from gross income in its income-tax returns for those years had not been imposed by the Revenue Act of 1918 (40 Stat. 1057) and was illegally collected. Under these decisions plaintiff was not liable for the excise tax and the same was refunded. Accordingly, the Commissioner held in his final determination of plaintiff's income-tax liability for 1919 and 1920 that since the excise tax paid was not due and since it had been refunded, the deductions which had been taken in the returns for 1919 and 1920 should not be allowed. The tax here sought to be recovered resulted entirely from the exclusion of the deductions of such excise tax for 1919 and 1920. This conclusion that plaintiff cannot recover because of the exclusion of these deductions is not inconsistent with the rule that an amount deducted and allowed from income in a certain year must be included in income when collected or recovered in a subsequent year when the correction of the return and the tax liability in a prior year is barred by the statute of limitation. That rule is justified by the fact that actually and for tax purposes the taxpayer has received a definite advantage and has actually received in the subsequent year income which was not included and subjected to tax in the prior year. Wherever it is possible to do so, the taxing statutes require that the items of income subject to tax and the deductions to which the taxpayer is legally entitled for the years under consideration be correctly and legally determined by the Commissioner in his final decision, notwithstanding such decision may be made several years after the returns for the particular years involved were filed. Lewis v. Reynolds, supra. The petition is dismissed. It is so ordered.