## COMMISSIONER OF INTERNAL REVENUE v. REALTY OPERATORS, Inc.

### No. 9704.

Circuit Court of Appeals, Fifth Circuit.

March 20, 1941.

Michael H. Cardozo, IV, and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Irving M. Tullar, Sp. Atty., Bureau Internal Revenue, all of Washington, D. C., for petitioner.

C. M. Trammell, C. M. Trammell, Jr., and Donald McGovern, all of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

288

SIBLEY, Circuit Judge.

This petition to review a decision of the Board of Tax Appeals is met by a motion to dismiss which must be sustained.

On December 7, 1939, the Board's opinion was promulgated and became known to the Commissioner, stating that a decision would be entered under Rule 50 of the Board. Under that rule the taxpayer filed a computation which was acquiesced in by the Commissioner on Jan. 9, 1940. No further hearing therefore was to be had before the Board. It entered its decision the same day. It had been customary for the Clerk to advise counsel for the Commissioner of the entry of decisions, but no statute or rule requires it. No notice was given the counsel of this decision. He learned of it on April 9, 1940, the last day for taking a petition for review. Internal Revenue Code, § 1142, 26 U.S.C.A. Int.Rev. Code, § 1142. Instead of filing such a petition, he presented to a member of the Board a motion to vacate and set aside the final decision on the sole ground "that the respondent (the Commissioner) has not at any time prior to the date of this motion been served with any copy" of said decision. The Board member granted the motion forthwith without a hearing, and on the following day, apparently again without a hearing, entered another decision in identical words. The taxpayer filed a motion to strike as untimely and void the Commissioner's motion of April 9, and the decision of April 10th. This motion the same Board member overruled on June 12, 1940. The petition for review was filed Aug. 30, 1940, and recites all the above proceedings. The motion to dismiss states that on the hearing of taxpayer's motion on June 12, 1940, the Board member stated: "Of course the reason for vacating the decision entered Jan. 9 was solely to give respondent (the Commissioner) the usual time for taking an appeal, if he desired to do so." In the Commissioner's brief on the motion this is not denied.

■ Our jurisdiction depends wholly on the provisions of the statutes establishing the Board of Tax Appeals. A jurisdictional condition is stated in Internal Revenue Code, § 1142, 26 U.S.C.A. Int.Rev. Code, § 1142: "The decision of the Board * * * may be reviewed by a Circuit Court of Appeals * * * if a petition for such review is filed by either the Commissioner or the taxpayer within three months after the decision is rendered." If filed later, we have not jurisdiction. Section 1117(c) declares: "A decision of the Board * * * shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered on the records of the Board." There is no provision for the Clerk to give notice. The interested parties must observe the records of the Board. A custom of the Clerk to notify counsel is a voluntary friendly service, a failure in which cannot affect the date of the decision.

■ Section 1111 declares: "The proceedings of the Board and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Board may prescribe * * *." Rule 19 of the Board deals with motions, and among other things provides: "Motions must be timely. * * * Motions to vacate, correct or revise a decision of the Board, to be considered timely, shall be made within 30 days after the entry of the decision." The rule also provides: "The Clerk will serve a copy of each motion upon the opposite party." While it has been held that the Board may entertain motions to rehear or vacate its decisions and the time for review will on general principles not run till the motions are disposed of, or until the date of the new decision if a new one is rendered, the motion which is thus to toll the time fixed by statute must be a valid motion. We are of opinion that the Commissioner's motion here, and the action on it, were invalid. The motion was not filed within thirty days from the decision as the Board's rule requires. If it be conceded that the Board, because it may change its rules, could waive the enforcement of Rule 40 in a particular case, one member, though he constitute a division for the despatch of business, cannot do so. Section 1111 binds him to observe it. Again, because no copy was served on or waived by the opposite party to the motion, the ex parte judgment on the motion was void. Therefore the original decision of Jan. 9, 1940, was not validly set aside.

■ Yet further, the confessed purpose of the motion of April 9, 1940, condemns it and the action on it. The legislative policy of speeding the disposal of income tax controversies by limiting the time for review cannot be thus nullified. Aside from the statement attributed to the Board member, the purpose of the procedure is evident on the face of the motion. The

sole reason it offered for vacating the decision was that a copy had not been served. It was not asserted that the decision was incorrect or irregular in itself. What sense would there be in vacating a correct decision in order to serve another identical decision? No possible reason suggests itself except to give a new period for review. In Wayne Gas Co. v. Owens-Illinois Co., 300 U.S. 131, 137, 57 S.Ct. 382, 386, 81 L.Ed. 557, the court said: "Where it appears that a rehearing has been granted only for that purpose [to extend the time for appeal] the appeal must be dismissed." It is equally true that when a decision of the Board is vacated and reentered for that purpose, the time for review is not extended. The time must be reckoned here from the entry of the first decision, Jan. 9, 1940.

The petition for review is dismissed.