## INDUSTRIAL ADDITION ASS'N v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9629.

Circuit Court of Appeals, Sixth Circuit.

March 27, 1944.

F. A. Berry, of Nashville, Tenn. (F. A. Berry and Bass, Berry & Sims, all of Nashville, Tenn., on the brief), for petitioner.

Melva M. Graney, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, J. Louis Monarch, and Melva M. Graney, all of Washington, D. C., on the brief), for respondent.

Before HICKS, HAMILTON, and McALLISTER, Circuit Judges.

HICKS, Circuit Judge.

Petition for review of the decision of the Tax Court finding deficiencies in income taxes and penalties for the years 1932 to 1936 inclusive. We are confronted with a motion to dismiss which raises the question of our jurisdiction to entertain the petition.

Sec. 1142 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1142, in so far as is here material, provides that:

"The decision of the Board * * * may be reviewed by a Circuit Court of Appeals, or the United States Court of Appeals for the District of Columbia, *as provided in section 1141, if a petition for such review is filed by either the Commissioner or the taxpayer within three months after the decision is rendered,* * * *." (Italics ours.)

The section is jurisdictional. If in the ordinary case the petition for review were filed later than three months we may not entertain it. Commissioner v. Realty Operators, Inc., 5 Cir., 118 F.2d

286, 288; Smith v. Com'r, 4 Cir., 67 F. 2d 167; Forest Glen Creamery Co. v. Com'r, 7 Cir., 123 F.2d 522, 523. The decision of the Board was entered on March 12, 1943, and the petition to review was filed on June 11 following, or one day within the three months' period. Therefore, other questions out of the way, the petition was timely.

■ But, petitioner filed no returns for the years in question, and in such case, under Sec. 1141(b) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1141(b) (1) review must normally be sought in the Court of Appeals for the District of Columbia. However, Sec. 1141 (b) (1) is modified in the paragraph immediately following, to wit, Sec. 1141(b) (2), to permit review by "any circuit court of appeals, or the United States Court of Appeals for the District of Columbia, which may be designated by the Commissioner and the taxpayer by stipulation in writing."

Petitioner was a Tennessee corporation with its principal offices within this Circuit, at Dyersburg, Tennessee. A "stipulation in writing," made necessary by the next above quoted statute, and purporting to give this court jurisdiction, was entered into on July 10, 1943, or twenty-eight days after the expiration of the three months' period, with reservation by the Commissioner that his signature should "not in any manner affect his right to question its timeliness and legal effect and/or his right to move to dismiss petition to review for want of jurisdiction."

The petition to review filed in this court on June 11, 1943, did not confer jurisdiction upon us, for upon that date the jurisdiction for review was exclusively in the Court of Appeals for the District of Columbia. The provisions of Section 1141 (b) (2) conferring jurisdiction upon us upon a written stipulation between the Commissioner and the taxpayer, had not then been complied with. Compliance with this provision was a prerequisite for review by this court. Such is the plain meaning of Section 1142.

■ The question raised by the motion to dismiss is whether an invalid petition filed within the three months' period can be validated by a stipulation between petitioner and the Commissioner entered into after that period had elapsed and thereby confer jurisdiction upon this court. Petitioner contends that it can, the argument being that since Section 1141(b) (2) designated no time within which the stipulation might be entered into, it was effective even though signed after the three months' period had expired. We cannot agree.

■ There is no statute which permits an extension of the three months' period for any reason or under any circumstances. As we have pointed out, Sec. 1142 is jurisdictional and mandatory. This has been so held in a harsh case where the Clerk of the Board of Tax Appeals failed to notify a taxpayer that the Board had entered a decision in its case. Commissioner v. Realty Operators, Inc., supra. It has also been held in cases where the question related to the designation of the proper circuit court of appeals in the stipulation. Nash-Breyer Motor Co. v. Burnet, Com'r, 283 U.S. 483, 51 S.Ct. 549, 75 L.Ed. 1180; Massachusetts Fire & Marine Ins. Co. v. Com'r, 2 Cir., 42 F.2d 189. To say, as petitioner contends, that the filing of the petition to review on June 11, 1943, vested this court with some sort of incomplete and inchoate jurisdiction which was consummated by the stipulation of July 10th, would have the effect of extending indefinitely, subject only to the concurring will of the Commissioner and the taxpayer, the three months' period of limitation. We find no basis for such conclusion and we do not think that Congress intended such result. The trend of Congressional action has been to restrict rather than extend the time within which a petition to review a decision of the Board of Tax Appeals (now the Tax Court) may be filed. The fact that Sec. 1141(b) (2) fixes no period of time for filing the stipulation in question is not controlling. This section must be read in connection with Sec. 1142 which makes express reference to it. We are aware that the opinion in Wegener v. Com'r, 5 Cir., 119 F.2d 49, reaches a contrary conclusion, but we are not in harmony with the decision in that case.

The motion to dismiss is sustained.