## INDUSTRIAL ADDITION ASSOCIATION *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 118.   Argued December 13, 1944.—Decided January 2, 1945.

*Mr. F. A. Berry* for petitioner.

*Assistant Attorney General Samuel O. Clark, Jr.,* with whom *Solicitor General Fahy, Messrs. Sewall Key, J. Louis Monarch,* and *Miss Melva M. Graney* were on the brief, for respondent.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

In this case petitioner, deeming itself exempt from income and excess profits taxes, failed to file any tax returns for the years 1932 to 1936 inclusive. The Commissioner assessed petitioner for the taxes for those years, with penalties, and the Tax Court has sustained the assessment as to the income taxes and attendant penalties. Petitioner, within the three months allowed for that purpose by § 1142 of the Internal Revenue Code, sought review of the

Tax Court's decision by a petition for review filed with the Court of Appeals for the Sixth Circuit.

By § 1141 (a) of the Internal Revenue Code, entitled "Jurisdiction," the Circuit Courts of Appeals and the Court of Appeals for the District of Columbia are given "exclusive jurisdiction to review the decisions" of the Tax Court. Subsection (b) (1), entitled "Venue," provides that "such decisions may be reviewed by the Circuit Court of Appeals for the circuit in which is located the collector's office to which was made the return of the tax in respect to which the liability arises or, if no return was made, then by the United States Court of Appeals for the District of Columbia." Since petitioner filed no return, the Court of Appeals for the District of Columbia was the court of proper venue under this subsection. If petitioner had made a return, it would have been required to file it with a collector whose office was within the sixth circuit, that of the court below; in that event, that court would have been the court of proper venue. The Code provides further, in subsection (b) (2): "Notwithstanding the provisions of paragraph 1, such decisions may be reviewed by any Circuit Court of Appeals . . . which may be designated by the Commissioner and the taxpayer by stipulation in writing."

The Commissioner suggested to petitioner that as it had filed no returns for the years in question and no written stipulation had been entered into as permitted by subsection (b) (2), the Circuit Court of Appeals for the Sixth Circuit was without "jurisdiction." In response to this suggestion, petitioner and the Commissioner, after the expiration of the three months period in which a petition for review could be filed, entered into such a written stipulation, designating the Court of Appeals for the Sixth Circuit as the court to review the decision of the Tax Court. The stipulation reserved to the Commissioner the right to challenge its timeliness and legal effect.

The Court of Appeals for the Sixth Circuit, on the Commissioner's motion, dismissed the petition for review for want of jurisdiction. 141 F. 2d 636. We granted certiorari to resolve an asserted conflict of the decision below with that of the Court of Appeals for the Fifth Circuit in *Wegener* v. *Commissioner*, 119 F. 2d 49. The question presented is whether the court below had jurisdiction of the petition for review of the decision of the Tax Court, notwithstanding petitioner's failure to file the stipulation during the three months period, within which review of the Tax Court's decision could be sought.

The use in juxtaposition, in the statute, of the terms "jurisdiction" and "venue" marks a significant distinction. On the one hand, the statute confers power on the Circuit Courts of Appeals generally, to act judicially on petitions for review presented to them—which is "jurisdiction." On the other, such of those courts as are specified by the statute, or the stipulation which it authorizes, are designated as the place where, for convenience of the courts or parties or both, the petition will be heard—which is "venue."[1] Want of jurisdiction, unlike want of venue, may not be cured by consent of the parties; but when the court has jurisdiction, it has power to decide the case brought before it, even though the court having venue is one sitting in another circuit. *General Investment Co.* v. *Lake Shore & M. S. R. Co.*, 260 U. S. 261, 272–273; *Burnrite Coal Co.* v. *Riggs*, 274 U. S. 208, 211–212; *General Electric Co.* v. *Marvel Co.*, 287 U. S. 430, 434–435; *Neirbo Co.* v. *Bethlehem Corp.*, 308 U. S. 165, 167–168; *Freeman* v. *Bee Machine Co.*, 319 U. S. 448, 453. The right to have a cause heard in the court of the proper venue may be lost unless seasonably asserted; and in that event, the court of

---

[1] See *Peoria & P. U. R. Co.* v. *United States*, 263 U. S. 528, 535–536, where this Court explained the same distinction made in the Urgent Deficiencies Act, 38 Stat. 219, 28 U. S. C. §§ 41 (28), 43.

trial having jurisdiction but not the proper venue may render a judgment binding on the parties. *General Investment Co.* v. *Lake Shore & M. S. R. Co., supra,* 272; *Commercial Casualty Co.* v. *Consolidated Stone Co.,* 278 U. S. 177, 179; *Freeman* v. *Bee Machine Co., supra,* 453. The government may waive objections to venue, just as any other litigant may, *United States* v. *Hvoslef,* 237 U. S. 1, 12; *Thames & Mersey Ins. Co.* v. *United States,* 237 U. S. 19, 24–25; *Peoria & P. U. R. Co.* v. *United States,* 263 U. S. 528, 535–536, and here such waiver, by stipulation, is contemplated by § 1141 (b) (2).

We have no reason to suppose that the terms "jurisdiction" and "venue" were used in the statute in other than their usually accepted meaning, and no convincing reason has been advanced why that meaning should not be accepted here. Unless these plain terms are to be disregarded, all the Circuit Courts of Appeals are given jurisdiction to review decisions of the Tax Court upon a petition for review, that is, power to act judicially upon the petition. *Peoria & P. U. R. Co.* v. *United States, supra,* 535–536. Consequently when in this case petitioner filed its petition with the Court of Appeals for the Sixth Circuit, that court did not lack power to proceed with the cause, although the court of proper venue was the Court of Appeals for the District of Columbia, as prescribed by § 1141 (b) (1). The parties were free to waive this defect of venue, by filing the stipulation in compliance with subsection (b) (2), designating the court below as the one to act upon the petition, which was already before it and of which it then had jurisdiction.

The government urges that the stipulation here did not comply with § 1141 (b) (2), since it was not filed within three months of the decision of the Tax Court. But § 1141 (b) (2) does not by its terms place any time limitation upon the filing of the stipulation. The government relies

on the three months limitation in § 1142, which is in terms applicable only to the filing of the petition for review. The petition here was filed within three months in a court having jurisdiction, and we see no reason to import into the stipulation provision, § 1141 (b) (2), a time limitation which it does not contain.

It is true, as the government argues, that dismissal for want of the proper venue, of a petition for review pending in a Court of Appeals, controls the jurisdiction of the court. But in such a case jurisdiction is controlled only by terminating it. Here the case was not dismissed before want of venue was supplied by stipulation in the manner authorized by the statute. This imposed on the court the duty to exercise its jurisdiction in deciding the case.

The government relies, as did the court below, on our decision in *Nash-Breyer Motor Co.* v. *Burnet,* 283 U. S. 483. When that case arose, the provision in the applicable Revenue Act for choice of venue by stipulation of the parties, did not permit them to stipulate for review in any circuit, but limited their choice to two specified circuits. The parties in that case stipulated for review of a decision of the Board of Tax Appeals in a circuit not authorized by the statute, and thus did not conform to the statutory venue requirement. We sustained the action of the Court of Appeals in dismissing the petition for review on the ground that the court was not bound to exercise its jurisdiction where the proper venue was in another.court, saying, p. 487: "The restriction on the power of the parties to stipulate as to venue would be meaningless if they could waive it without the consent of the court." In this case the stipulation conforms to the statute, and is without the infirmity found to be fatal in the *Nash-Breyer* case.

Here the court acquired jurisdiction of the cause under the statute by the timely filing of the petition for review, and the parties were authorized by § 1141 (b) (2) to stip-

316

ulate that the review should be had in that court. On filing the stipulation the cause was then pending in the court having venue, as well as jurisdiction, and the case was improperly dismissed.

*Reversed.*