**GEORGIA–PACIFIC CORP., Petitioner,**

**v.**

**FEDERAL POWER COMMISSION,
Respondent.**

No. 75–1344.

United States Court of Appeals,
Fifth Circuit.

May 9, 1975.

James W. McCartney, Albert S. Tabor, Jr., Houston, Tex., for petitioner.

J. David Mann, Jr., Washington, D. C., for Laclede Gas Co.

Richard P. Noland, Washington, D. C., for Gen. Motors.

Drexel D. Journey, Gen. Counsel, George W. McHenry, Jr., Sol., William J.

Grealis, Atty., Washington, D. C., for respondent.

Wm. W. Bedwell, Washington, D. C., for Miss. River Trans. Corp.

Before BELL, CLARK and RONEY, Circuit Judges.

PER CURIAM:

The Federal Power Commission (FPC) has filed a motion to dismiss for improper venue Georgia-Pacific Corporation's (GPC) petition for review of a FPC order of December 26, 1974, denying rehearing of a FPC order of November 14, 1974, which denied GPC's request for extraordinary relief from the curtailment plan of Mississippi River Transmission Corporation (MRT), previously approved by FPC. GPC has responded by alternatively opposing dismissal and moving this Court to transfer the petition to the Court of Appeals for the District of Columbia Circuit, wherein venue is unquestionably proper under § 19(b) of the Natural Gas Act. 15 U.S.C.A. § 717r(b).

■ Proper venue for review of an FPC order is in the circuit "wherein the *natural gas company to which the order relates* is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia . . .." 15 U.S.C.A. § 717r(b) (emphasis added). The natural gas company to which the orders GPC seeks to have reviewed relate is Mississippi River Transmission Corporation. GPC was involved in the FPC proceeding only as a customer of MRT, not as the natural gas company, although it is a natural gas company. MRT is incorporated, and therefore "located" in Delaware, which is in the Third Circuit. FPC v. Texaco, Inc., 377 U.S. 33, 37–39, 84 S.Ct. 1105, 12 L.Ed.2d 112 (1964). MRT maintains its executive offices in St. Louis, Missouri, and operates its pipeline system in Missouri, Illinois and Arkansas. Therefore, its "principal place of business" must be in either the Seventh Circuit (Missouri and Illinois) or Eighth Circuit (Arkan-

sas). It is clear, then, that venue is improper in this Circuit. It is equally clear that venue does exist in the District of Columbia Circuit. The only issue which remains is whether this Court should dismiss the case or grant GPC's motion to transfer it to the District of Columbia Circuit.

■■ It should be noted initially that the Natural Gas Act's provision for the place to file a petition for review involves only matters of venue and not a question of jurisdiction. We have jurisdiction over the petition. Panhandle Eastern Pipe Line Co. v. FPC, 324 U.S. 635, 638–639, 65 S.Ct. 821, 89 L.Ed. 1241 (1945).

■ This Court previously declined to transfer a petition for review of a FPC order in Gulf Oil Corp. v. FPC, 330 F.2d 824 (5th Cir. 1964), because of our view, at that time, that in the absence of express statutory authority we were powerless so to transfer. Since our decision in *Gulf Oil,* which was based partially on the absence of any direct holding to the contrary by other federal Courts of Appeals, a number of circuits have acknowledged the inherent power to transfer a petition for review of an agency ruling to a circuit with proper venue. *See, e. g.,* Municipal Distributors Group v. FPC, 148 U.S.App.D.C. 343, 459 F.2d 1367 (1972); Panhandle Eastern Pipe Line Co. v. FPC, 343 F.2d 905 (8th Cir. 1965); Panhandle Eastern Pipe Line Co. v. FPC, 337 F.2d 249 (10th Cir. 1964). *See generally* Annot., 22 A.L.R.3d 563 (1968). Although in a different context, the Supreme Court has also said that the Court of Appeals may itself order the transfer of a case even without an express statutory grant of the power to do so. Koehring Co. v. Hyde Construction Co., 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966). In light of these developments we no longer doubt that we have the inherent power to transfer a case such as this one to a jurisdiction of proper venue.

■ Such a circumstance exists in this case. The time for GPC to file a pet-

ition for review in a circuit with proper venue has expired, so that it will be left without judicial review of the FPC orders if we dismiss the suit. There is no allegation or indication that GPC was attempting to achieve anything unlawful, unjust or unfair by bringing its petition in this circuit. GPC merely made a mistake and filed where it, and not the natural gas company to which the orders relate, is located, GPC being a Georgia corporation and a natural gas company. The FPC has not demonstrated any prejudice that will result from the transfer. We think that justice will best be served by a transfer in such circumstances.

An appropriate separate order of transfer is being entered with the filing of this opinion.