# United States Court of Appeals For the Federal Circuit

04-1172, -1173

TRANSCAPITAL LEASING ASSOCIATES, 1990-II, L.P.,
TRANSCAPITAL LEASING ASSOCIATES, 1992-III, L.P.,
INTERNATIONAL BANCSHARES CORPORATION,
IBC SUBSIDIARY CORPORATION,
INTERNATIONAL BANK OF COMMERCE,
and IBC FINANCIAL SERVICES, INC.
(formerly known as Bancor Development Company of Laredo),

Petitioners-Appellants,

v.

UNITED STATES,

Respondent-Appellee.

Renee F. McElhaney, Cox Smith Matthews Incorporated, of San Antonio, Texas, argued for petitioners-appellants. With her on the brief were Matthew S. Parkin and Ellen B. Mitchell. Of counsel on the brief were William R. Cousins III and M. Todd Welty, Meadows, Owens, Collier, Reed, Cousins & Blau, L.L.P. of Dallas, Texas.

Richard T. Morrison, Tax Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Eileen J. O'Connor, Assistant Attorney General, David I. Pincus and Francesca Ugolini, attorneys.

Appealed from: United States District Court for the Western District of Texas

Judge Xavier Rodriguez

# United States Court of Appeals for the Federal Circuit

04-1172, -1173

TRANSCAPITAL LEASING ASSOCIATES, 1990-II, L.P.,
TRANSCAPITAL LEASING ASSOCIATES, 1992-III, L.P.,
INTERNATIONAL BANCSHARES CORPORATION,
IBC SUBSIDIARY CORPORATION,
INTERNATIONAL BANK OF COMMERCE, and
IBC FINANCIAL SERVICES, INC.
(formerly known as Bancor Development Company of Laredo),

Petitioners-Appellants,

v.

UNITED STATES,

Respondent-Appellee.

_____

DECIDED:  February 16, 2005

_____

Before RADER, LINN, and DYK, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

The United States District Court for the Western District of Texas held that the "principal place of business" provision of 26 U.S.C. § 6226(a)(2) of the Internal Revenue Code imposes an additional jurisdictional requirement on persons wishing to challenge final partnership administrative adjustments (FPAA).  <u>TransCapital Leasing Assocs. v. United States</u>, No. SA-01-CA-881-XR (W.D. Tex. Nov. 14, 2003) (<u>Reconsideration of Order Concerning Jurisdiction</u>).  Because the district court did not properly construe the statutory language at issue, this court reverses the district court's order regarding jurisdiction and remands for a determination on the merits.

## I.

TransCapital Leasing Associates, 1990-II, L.P. and TransCapital Leasing Associates, 1992-III, L.P. (TCLA) are the dissolved partnerships of interest in the instant dispute. IBC Financial Services (f/k/a Bancor Development Company of Laredo) (Bancor)[1] is a notice partner of TCLA. As a notice partner, Bancor filed the underlying civil actions on behalf of TCLA against the United States under 26 U.S.C. § 6226 in order to challenge the FPAAs made by the Internal Revenue Service (IRS).

The Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) added section 6226 to the Internal Revenue Code. See Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 653 (1982). Under TEFRA, each partnership designates a tax matters partner, who handles administrative issues and litigation for the partnership. See H.R. Rep. No. 97-760, at 601-04 (1982). If a tax matters partner does not file a petition in response to a FPAA within the allotted statutory period, the notice partner may do so. 26 U.S.C. § 6226(b)(1) (2000).[2] Under the statutory requirements, Bancor, as a notice partner of TCLA, filed the civil actions giving rise to this dispute. The statutory language at issue provides in relevant part that a "tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with—(1) the Tax Court, (2) the district court of the United States for

---

[1] International Bancshares wholly owns IBC Subsidiary Corporation, which owns 90% of IBC Financial Services, Inc., f/k/a Bancor Development Company of Laredo. These parties and TransCapital Leasing Associates are hereinafter collectively referred to as Petitioners.

[2] 26 U.S.C. § 6226(b)(1) provides that: "[i]f the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner . . . may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition . . . with any of the courts described in subsection (a)." Id. (Emphases added.)

the district in which the partnership's principal place of business is located, or (3) the Court of Federal Claims." Id. § 6226(a) (emphasis added). Further, "[t]he district courts shall have original jurisdiction of any civil action against the United States provided in section 6226 . . . of the Internal Revenue Code . . . ." 28 U.S.C. § 1346(e) (2000).

Before its dissolution, TCLA had its principal place of business in Vienna, Virginia. Bancor's principal place of business is San Antonio, Texas. Petitioners filed an unopposed motion to confirm jurisdiction in the United States District Court for the Western District of Texas. Judge Edward Prado held that the district court had jurisdiction over the action and that the San Antonio division was the proper venue. The district court reasoned that the "principal place of business" language of 26 U.S.C. § 6226(a)(2) was a venue provision which made San Antonio the proper venue for Bancor's actions. The IRS agreed in its answers that venue was proper in that court. The district court also found that Bancor met the jurisdictional requirements of 26 U.S.C. § 6226 for filing in the district court, namely timely commencement of the action and depositing the amount by which its federal income tax liability would be increased under the partnership's FPAA with the IRS. TransCapital Leasing Assocs. v. United States, No. SA-01-CA-881-EP (W.D. Tex. April 30, 2002) (Order Concerning Jurisdiction).

When Judge Xavier Rodriguez became the presiding judge for the civil actions at issue, he reconsidered the previous Order Concerning Jurisdiction sua sponte and determined that the court did not have jurisdiction over the actions. The trial court determined that 26 U.S.C. § 6226(a) establishes jurisdiction and held that the Petitioners should have filed in the United States Tax Court or the United States Court

of Federal Claims. The district court reasoned that at the time of filing there was no district court where TCLA had a principal place of business. <u>Reconsideration of Order Concerning Jurisdiction</u>, slip op. at 2. Alternatively, the court held that Petitioners should have filed in the United States District Court for the Eastern District of Virginia, where TCLA's business was located before dissolution. <u>Id.</u>, slip op. at 3.

The district court ordered transfer of the suits to the Court of Federal Claims but stayed that action in light of this interlocutory appeal. <u>Id.</u>, slip op. at 3-4. Petitioners appealed to this court under 28 U.S.C. § 1292(d)(4)(A).

## II.

This court reviews questions of statutory interpretation without deference. <u>U.S. Steel Group v. United States</u>, 225 F.3d 1284, 1286 (Fed. Cir. 2000). "As in all statutory construction cases . . . [t]he first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. The inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent." <u>Barnhart v. Sigmon Coal Co.</u>, 534 U.S. 438, 450 (2002) (internal citations and quotations omitted). Thus, this court must determine the correctness of the district court's order construing section 6226 as a jurisdictional statute.

Section 6226 allows a "tax matters partner" to file a "petition for readjustment" with "the district in which the partnership's principal place of business is located." At the outset, this section uses language generally associated with venue, not jurisdiction. The term "located," for instance, identifies this language as a venue provision. "Venue relates to the <u>locale</u> in which a suit may be properly instituted, and not the power of the

04-1172, -1173                                          4

court to hear the case or reach the parties." Minn. Mining & Mfg. v. Eco Chem, Inc., 757 F.2d 1256, 1264 (Fed. Cir. 1985) (emphasis added); accord Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167-68 (1939). Further, venue is "[t]he proper or a possible place for the trial of the lawsuit, usu[ally] because the place has some connection with the events that have given rise to the lawsuit or with the plaintiff or defendant." Black's Law Dictionary 1591 (8th ed. 2004). Once again, the language of section 6226 refers to the "principal place of business," thus invoking the place connected to the adjudicated events and associating the statute with venue principles. In sum, the language of section 6226 suggests venue, not jurisdiction.

In contrast, "when the court has jurisdiction, it has power to decide the case brought before it." Indus. Addition Ass'n v. Comm'r, 323 U.S. 310, 313 (1945). The United States Court of Appeals for the Seventh Circuit concisely stated the distinction between jurisdiction and venue: "[p]rovisions specifying where a suit shall be filed, as distinct from specifying what kind of court or other tribunal it shall be filed in, are generally considered to be specifying venue rather than jurisdiction." New York v. Envtl. Prot. Agency, 133 F.3d 987, 990 (7th Cir. 1998). Section 6226's permissive reference to the "place of business" and location ("is located") refers to venue, not a mandatory statutory authorization to hear a particular kind of case.

The mandatory jurisdictional provision for this type of case appears in 28 U.S.C. § 1346. That section states: "The district courts shall have original jurisdiction of any civil action against the United States provided in section 6226 . . . of the Internal Revenue Code." 28 U.S.C. § 1346(e) (2000). Section 1346 addresses the authority or power of the district courts to hear cases under 26 U.S.C. § 6226(a)(2). In other words,

with jurisdiction dictated by 28 U.S.C. § 1346(e), section 6226's "principal place of business" language becomes a venue provision. Rather than dictating jurisdiction, the permissive "principal place of business" clause of 26 U.S.C. § 6226(a)(2) points to the locale in which a suit may be brought.[3] As the forgoing illustrates, the context and language of TEFRA indicate that the "principal place of business" provision of section 6226(a)(2) provides venue, not jurisdiction.

Even where, as here, "the plain meaning of the statutory language in question would resolve the issue before the court, the legislative history should usually be examined at least to determine whether there is a clearly expressed legislative intention contrary to the statutory language." Glaxo Operations UK, Ltd. v. Quigg, 894 F.2d 392, 395 (Fed. Cir. 1990) (internal quotation and citation omitted). In this instance, the committee report explaining the enactment of section 6226 does not address whether the principal place of business portion of that section involves only a venue rule. See generally H.R. Rep. No. 97-760, at 600-08 (1982). Thus, nothing in the traditional sources of legislative history suggest a meaning other than the venue rule indicated by the statutory language itself.

The entire context of TEFRA also informs the meaning of the "principal place of business" terminology in section 6226. Notably, 26 U.S.C. § 7482(b)(1)(E), part of the

---

<sup>3</sup> Additionally, there are other provisions of the Tax Equity and Fiscal Responsibilitiy Act of 1982 (TEFRA) that confer original jurisdiction with the Court of Federal Claims and the Tax Court for section 6226 actions. See 28 U.S.C. § 1508 (1994) ("The Court of Federal Claims shall have jurisdiction to hear and to render judgment upon any petition under section 6226 of . . . the Internal Revenue Code of 1986."); 26 U.S.C. § 7442 (2002) ("The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title . . . ."). The grant of original jurisdiction to the courts referenced in section 6226 elsewhere lends support for the determination that section 6226(a)(2) addresses venue.

TEFRA scheme, uses the "principal place of business" provision in the context of venue. See id. This section addresses venue for appeals from Tax Court decisions and provides that in the case of a petition under section 6226, venue is proper at the partnership's principal place of business. See 26 U.S.C. § 7482(b)(1)(E) (2000). Because "it cannot be presumed that the term has two different meanings in [ ] closely related statutes," Vectra Fitness, Inc. v. TNWK Corp., 162 F.3d 1379, 1383 (Fed. Cir. 1998) (citing United Sav. Ass'n v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 371 (1988), for the proposition that the same term used in a related statute clarifies the meaning of the term), this related provision underscores the meaning of the statutory language. Moreover, "[a] provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme—because the same terminology is used elsewhere in a context that makes its meaning clear . . . ." United Sav. Ass'n, 484 U.S. at 371.

Turning to this case, the district court held that "at the time Petitioners filed suit . . . there was no United States District Court to which TCLA . . . had a principal place of business." Reconsideration of Order Concerning Jurisdiction, slip op. at 3. Incidentally, if section 6226 were a jurisdictional provision, no district court would have possessed jurisdiction over this section 6226 action involving dissolved partnerships. Thus, if section 6226 were jurisdictional, the Petitioners and other dissolved partnerships would have no other recourse except the Court of Federal Claims or the Tax Court. To the contrary, title 28 grants original jurisdiction to district courts over section 6226 actions. See 28 U.S.C. § 1346(e). In other words, interpreting section 6226 as jurisdictional would produce an untenable result. The Supreme Court advises:

"Interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 575 (1982). In this case, the more reasonable alternative is also the interpretation most consistent with the statutory language, namely that section 6226 is a venue provision.

Lastly, case law supports a determination that the "principal place of business" provision refers to venue. The Supreme Court has construed statutes with language analogous to 26 U.S.C. § 6226(a)(2) as venue provisions. In Panama Railroad Co. v. Johnson, 264 U.S. 375 (1924), the Court considered whether the following provision addressed jurisdiction or venue: "Jurisdiction of such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." Id. at 384. In finding the foregoing a venue provision, the Court stated:

> Congress has pursued the policy of investing the federal courts . . . with a general jurisdiction expressed in terms applicable alike to all of them and of regulating the venue by separate provisions designating the particular district in which a defendant shall be sued, such as the district of which he is an inhabitant or in which he has a place of business, -- . . . the provision is not intended to affect the general jurisdiction of the District Courts as defined in § 24 [the statute conferring general jurisdiction], but only to prescribe the venue for actions brought under the new act of which it is a part.

Id. at 384-85; see also Panhandle E. Pipeline Co. v. Fed. Power Comm'n, 324 U.S. 635 (1945) (finding that a statute providing for appeal to the court of appeals where a company has "its principal place of business" addresses venue); accord Nat'l Wildlife Fed'n v. Browner, 237 F.3d 670 (D.C. Cir. 2001). Like the situation in Panama Railroad Co., the tax code grants general jurisdiction to the district courts in 28 U.S.C. § 1346 for

04-1172, -1173                          8

particular actions brought against the IRS, and has prescribed a suitable location for venue in 26 U.S.C. § 6226(a)(2).

Therefore, the "principal place of business" language in 26 U.S.C. § 6226(a)(2) is a venue provision. This interpretation of the language is also consistent with the legislative history, the provisions context within TEFRA, and the relevant case law. Objections to venue are waivable, and the United States has waived any objection to venue in the Western District of Texas. This finding makes it unnecessary for the court to address whether the district court erred in concluding that the principal place of business of each partnership is not in the Western District of Texas. Accordingly, this court reverses the district court's order regarding jurisdiction and remands the case for a determination on the merits.

<u>COSTS</u>

Each party shall bear its own costs.

<u>REVERSED and REMANDED</u>